A. J. WILSON, Appellee, v. C. C. WRIGHT, Appellant.

**EXEMPTIONS: Liabilities Enforcible—Purchase Price—Waiver.** The
1  right to enforce against an article a judgment for the purchase price
   thereof is not defeated or waived by including in the judgment a sum
   for *other and different charges,* when the amount of the judgment for
   said purchase price is definitely determinable from the record on which
   the judgment was rendered.

**NEW TRIAL: Unsupported Verdict.** Verdicts unsupported by the
2  evidence should be set aside and a new trial granted. So held as to
   an issue of *value.*

*Appeal from Fayette District Court.*—W. J. SPRINGER, Judge.

MAY 13, 1924.

ACTION against a sheriff for damages for levying an execution upon and selling property claimed to be exempt. Judgment for the plaintiff, and the defendant appeals.—*Reversed.*

*E. R. O'Brien* and *W. B. Sloan,* for appellant.

*E. J. O'Connor* and *E. H. Estey,* for appellee.

FAVILLE, J.—I.  Appellee is a farmer, a married man, and the head of a family. The property in controversy is a Fordson tractor and gang plow. Appellee purchased said property from Warnecke Brothers in September, 1920. The purchase price was represented by two promissory notes for $525 each, a total of $1,050. Later, appellee gave said firm another note, for $379.60. This note was given for certain machinery, fuel, and other items that constituted a book account. Subsequently, Warnecke Brothers brought suit against appellee on said three notes, the petition being in three counts. A judgment was entered against appellee in said action for $1,546.70 and attorney fees and costs. A general execution was issued on this judgment, and the said tractor and plow were levied on thereunder.

1. EXEMPTION: liabilities enforcible: purchase price: waiver.

Appellee served notice on appellant sheriff that he claimed said property as exempt. The property was sold by the sheriff for $225. This action is brought to recover for the property so sold.

Appellant contends that appellee cannot claim exemption in the property from the judgment in question, because a portion of said judgment is for the purchase price of the property upon which levy was made.

Code Section 4015 is as follows:

"None of the exemptions prescribed in this chapter shall be allowed against an execution issued for the purchase money of property claimed to be exempt, and on which such execution is levied."

Does this statute exempt the property in question from levy and sale under an execution issued on a general judgment based in part upon the purchase price of said property and in part on another item? No one contends that, if the judgment had been based solely upon the counts which pleaded the notes given for the purchase price of the tractor and plow, the property would not have been exempt from levy and sale thereunder. The judgment is for the purchase price in part. The levy is to satisfy that judgment. Did the plaintiff in said action waive his right to levy on the property for the purchase money, by including in the original action another item of indebtedness?

Exemption statutes are to be liberally construed, and the property of a debtor which is exempt from execution is to be protected from levy and sale. But the statute makes the express and plain exception to this general rule of exemption that it shall not be allowed against an execution issued for the purchase money of property claimed to be exempt. There is no requirement of the statute that calls for any recital, either in the pleadings or the judgment, that would show that the suit was for the purchase price of an article sold the debtor, or that any levy under execution would be sought against said property. It is, therefore, solely a question of *fact,* to be determined in a proper manner, whether or not the execution has been levied on property that is not exempt because the execution is "issued for the purchase money" of that particular property. Whether or not the purchase price of the property levied on is the basis

for the judgment must always be a fact question, to be determined only when the levy is made.

Under Code Section 3991, it is provided:

"An officer is bound to levy an execution on any personal property in the possession of, or that he has reason to believe belongs to, the defendant, or on which the plaintiff directs him to levy."

The creditor having, therefore, obtained judgment against his debtor, the officer is "bound" to levy the execution issued thereunder upon any property "on which the plaintiff directs him to levy." If he levies on exempt personal property, it may be released, upon proper showing, but not so if the "execution is issued for the purchase money." It may be true that the judgment may be for more than the purchase price of the particular article on which the levy is made, but that of itself furnishes no conclusive reason why the article cannot be levied on and sold for the amount of the purchase price. Whether or not the property is exempt from this particular execution because the latter is issued to realize the purchase price of the article, is a question of fact, arising after the judgment, and is to be determined in a proper proceeding. This does not mean a retrial of the main case. It is simply the trial of the question that arises in the case of every claimed exemption, namely: whether or not the particular property, under the facts, is subject to sale under the execution. To hold that this cannot be because the judgment includes other items than the purchase price of the property levied upon, would be to defeat the very language of the statute, and its plain purpose and intent. Of course, the creditor can waive his right to levy on the property for the purchase price, and he may estop himself from asserting such right. But we do not think he does so by merely including the purchase price in the judgment with other items, where the amount due on the purchase price is readily ascertainable. True, it might be that it would often be difficult or impossible to ascertain the exact amount of the purchase price of the article which was included in the judgment, but that is a matter upon which the levying judgment creditor must take his chances, upon the *facts*. The burden would rest upon him to establish his right to sell the debtor's exempt property; but that

is true in every such case. The fact alone that the creditor included in his action another item than the claim for the purchase price of the exempt property does not, in and of itself, amount to a waiver of his right to sell the exempt property on execution, to satisfy the balance of the unpaid purchase price. Our statute, Code Section 3545, expressly provides:

"Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if action on all may be brought and tried in that county, may be joined in the same petition."

It would seem quite inconsistent to hold that, under this statute and under Code Section 4015, the creditor loses his right to levy on exempt property for the purchase price where the facts warrant such levy, merely because the creditor has included his several claims in one action, as the statute authorizes.

Appellee contends that the only way the creditor can preserve his right to levy on such exempt property is by a separate suit for the purchase price alone. In other words, the creditor, under the facts of this case, would have been required to bring one action on the notes given for the exempt property and a separate suit on the note given for the book account. Such a proceeding would not of itself be any indication, necessarily, that the one suit was for the purchase price of exempt property. The identical allegations in the counts on the two notes in the original petition would be proper in a separate suit. It would still be a fact question as to whether or not the judgment was for the purchase price of the exempt property, in such event.

We are not now discussing the best or the proper method of pleading, what allegations a petition should contain in such a case, what special findings may be made, or what proper recitals might be incorporated in a judgment. The sole question is: "Did the judgment creditor either waive his claim to hold the exempt property for the purchase price or estop himself from a right to do so because he sued in three counts, two of which were for the purchase price of the exempt property and the other for a book account?" The judgment creditor has the right to show, if he can, that the exempt property is subject to his judgment to the extent of the balance due on the purchase price included

in such judgment. That is the issue presented after the levy is made.

The Supreme Court of Ohio has adopted an opposite view in *State v. Shook*, 97 Ohio St. 164 (118 N. E. 1010). In that case the judgment debtor purchased a camera, made a cash payment thereon, and gave notes for the balance, executing a chattel mortgage on the camera to secure the same. He afterwards purchased items on book account. The creditor sued on open account for the entire amount due. Execution was levied on the camera. The Ohio statute provides that:

"No personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof."

The court held that the creditor, by proceeding as he did, had waived his right to hold the camera, the court saying that, to come under the statute, "the judgment must be exclusively for the purchase money or a part thereof."

With all due respect to this decision, we are not disposed to follow it, under the statutes of this state. There is an ample and adequate method provided by our statute for determining the fact as to whether or not property levied on that would otherwise be exempt can be held in a particular case, to satisfy a judgment for the purchase price thereof. This in no way involves a retrial of the original action, but the determination of a fact question where a claim of exemption is made. The execution creditor must bring himself within the exception to the exemption statute. Any other rule would defeat the plain provisions and obvious purpose of the statute, that exempt property should be subject to execution for the purchase price thereof.

The court erred in refusing to submit the question to the jury and in instructing the jury that, as a matter of law, appellee was entitled to a verdict, and that the sole question for their determination was the amount thereof. Upon the undisputed evidence, as shown in the record, appellant's motion for a directed verdict should have been sustained, there being no dispute whatever in regard to the fact that the judgment was in part for the balance due on the purchase price of the property, and that the property levied on was of less value than the balance due on the purchase price of the same; and the amount of the judgment for the purchase price is readily ascertainable.

It is to be observed that in this case the judgment was entered on a petition in three counts, each based upon a liquidated claim. The amount of the judgment for the purchase price of the property is readily apparent, and is definite and specific. ·

We reserve any expression of opinion regarding a situation where a judgment has been entered upon a mixture of unliquidated claims.

II.   The court erred in not sustaining appellant's motion for a new trial on the ground that the verdict is not sustained by the evidence.

2. New trial: unsupported verdict.

Appellee bought the tractor and gang plow September 18, 1920, for $1,050. He paid nothing on the purchase price. In the fall of 1920, he plowed about eighty acres. In the spring of 1921, he sowed eighty or ninety acres with the tractor. He plowed some of a fifteen-acre patch in the spring of 1921, with the machinery. He used the tractor to pull the hay loader in the summer of 1921, and plowed about fifty or sixty acres with it in the fall of that year. He sawed four or five cords of wood and ground a few loads of feed, using the tractor as an engine.'

The undisputed evidence shows that, a few days after the sale of the property to appellee, the market price of said property dropped $200. The property was appraised at $225, and sold for that amount at the sheriff's sale. The only witness for appellee as to the value of the property was appellee himself, who placed the value of the property, at the time of the sheriff's sale, at $1,000. The qualification of appellee to testify to the market value of the property in February, 1922, was established, if at all, by very meager testimony. He admitted that the market price for new tractors had dropped $200. The preponderance of the evidence shows that the property was worth approximately the amount for which it sold at the sheriff's sale. It can scarcely be successfully argued that, upon this record, a verdict fixing the value of this used and secondhand property in excess of the market value of new machinery of like kind can be sustained. While the determination of a question of value is for a jury, it is true that the court has such supervisory power that it is its duty to grant a new trial or reduce the verdict where it is palpably contrary to the evidence and is not sustained

by the record. The cases so holding are too numerous to require or justify citation.

We are united in the view that this verdict cannot be sustained, under the record in this case. A new trial should have been granted. No other alleged errors require consideration.

For the errors pointed out, the judgment will be—*Reversed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.